UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JOSE GUZMAN CRUZ,

    Petitioner,

v.

    No. 1:26-CV-305-H

WARDEN, BLUEBONNET
DETENTION FACILITY, et al.,

    Respondents.

## ORDER

The petitioner, Jose Guzman Cruz, petitioned for a writ of habeas corpus challenging his detention without bond. Dkt. No. 1. Public records from the Executive Office of Immigration Review indicate that Guzman Cruz accepted voluntary departure on July 30, 2026. Because Guzman Cruz remains in mandatory detention pending removal and does not contest his removability,[1] the Court denies his petition (Dkt. No. 1) as moot.

The Court notes that the petition claimed that Guzman Cruz "was not afforded a bond hearing or any form of individualized custody determination." Dkt. No. 1 at 2. However, the respondents provide immigration court records showing that Guzman Cruz received bond hearings *twice* and was denied bond on the grounds that he was a flight risk and had no relief available to remain in the United States. Dkt. No. 12-2 at 4, 6. The most recent denial occurred eight days before Guzman Cruz filed his habeas petition. *Id.* at 6.

The apparent contradiction between the allegations in the petition and Guzman Cruz's immigration records is concerning. Because the records do not indicate whether

---

[1] *See* 8 U.S.C. § 1231(a)(1)(A); *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) ("During the removal period, detention is mandatory.").

counsel for Guzman Cruz served as counsel in his immigration proceedings, the Court declines to issue an order to show cause here. However, counsel is warned that she is obliged under Federal Rule of Civil Procedure 11(b)(3) to certify "to the best of [her] knowledge, information, and belief" that the allegations of a habeas petition "have evidentiary support." Counsel's errant assertion that her client did not receive a bond hearing was material, given that aliens cannot seek judicial review of bond denial during immigration proceedings. *See Faz Herrera v. Cerna*, No. 1:26-CV-076, Dkt. No. 20 (N.D. Tex. June 10, 2026). Going forward, counsel should ensure that the assertions in the petition—including assertions made in template-based petitions—are accurate. Future apparent misrepresentations may result in an order to show cause why sanctions should not be imposed.

So ordered on August __4__, 2026.

_____

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE